Karin M. Gunter, Esquire
PA Id No. 79852
Law Office of Karin M. Gunter
7323 N. 21st Street
Philadelphia, PA 19138-2107         ATTORNEY FOR PLAINTIFF,
(215) 548-9992                       CEARLEAN HENRY-LOGAN

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CEARLEAN HENRY-LOGAN,          :
7429 N. 21st Street            :
Philadelphia, PA 19138         :    Civil Action No.
    Plaintiff                  :
                               :
v.                             :
                               :    JURY TRIAL DEMANDED
GENESIS HEALTHCARE CORPORATION d/b/a :
THE OAKS ASSISTED LIVING       :
101 East State Street          :
Kennett Square, PA 19348       :
    Defendant.                 :

## COMPLAINT

### Preliminary Statement

This action is brought by a former employee against her employer for retaliation discrimination based on race/color, national origin in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-1 *et seq.* ("Title VII"), Philadelphia Fair Practices Ordinance, *as amended*, Philadelphia Code, ch. 9, §§ 1100-1110 *et seq.* ("PFPO"), and Pennsylvania Human Relations Act, *as amended*, 43 P.S. §§ 951-963 ("PHRA"); and for violation of her rights under the United States Constitution and laws under the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 1988 ("Section 1988").

Plaintiff seeks compensatory and punitive damages, attorney's fees, expert fees, costs and such other relief as this Court deems just and proper.

### Jurisdiction and Venue

1. Original jurisdiction over Plaintiff's federal question claims is conferred upon this

Court pursuant to 42 U.S.C. § 2000e-5(f)(1) and 28 U.S.C. §§ 1331 and 1343. Supplemental jurisdiction over Plaintiff's state law claims is conferred upon this Court pursuant to 28 U.S.C. § 1367(a).

2. Venue lies in this district by 28 U.S.C. § 1391(b) and (c) in that all actions complained of occurred in this district.

3. Plaintiff has exhausted her administrative remedies under Title VII, PFPO and PHRA.

4. On March 9, 2007, Plaintiff dually filed an administrative complaint against Defendant Genesis Healthcare d/b/a The Oaks Assisted Living with the Pennsylvania Human Relations Commission (PHRC) and the United States Equal Employment Opportunity Commission (EEOC) alleging wrongful discharge based on retaliation discrimination (race/color).

5. On April 23, 2008, Plaintiff received EEOC's Notice of Right to Sue letter.

A true and correct copy EEOC's Right to Sue Letter is attached as Exhibit "A".

6. On May 24, 2008, Plaintiff received PHRC's Right to Sue letter.

A true and correct copy of PHRC's Notice of Right to Sue Letter is attached as Exhibit "B".

**Parties**

7. Plaintiff CEARLEAN HENRY-LOGAN ("Plaintiff" or "Henry-Logan") is an adult person and a citizen of the United States. Plaintiff resides in Philadelphia, Pennsylvania.

8. Defendant GENESIS HEALTHCARE CORPORATION d/b/a THE OAKS ASSISTED LIVING ("Defendant", "Employer" or "The Oaks") is a corporation, created and existing under the laws of the Commonwealth of Pennsylvania with its corporate headquarters located at 101 East State Street, Kennett Square, PA 19348 and a place of business located at 240 Barker Road, Wyncote, PA 19095.

9. At all times relevant to this matter, Defendant acted through its agents, servants

and employees, each of whom also at all relevant times acted within the scope of his/her employment.

10. Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 because it engaged in an industry affecting commerce and because it maintains and/or maintained fifteen or more employees for each working days in each of the twenty or more weeks in the current or preceding calendar year.

**Factual Allegations**

11. Defendant hired Plaintiff as a resident care aide on or about August 18, 2001.

12. Plaintiff is a black female of Trinidadian national origin.

13. On or about October 13, 2005, Plaintiff dually filed a complaint of harassment discrimination alleging different treatment due to national origin, race, color (Trinidad and Tobago) with the Pennsylvania Human Relations Commission (PHRC), case number 200501838 and U.S. Equal Employment Opportunity Commission, Philadelphia District Office (EEOC) against Defendant (hereinafter "First PHRC Complaint").

14. Defendant is aware of the previous charges as averred in paragraph 13, *supra*.

15. In the first PHRC complaint, Plaintiff averred conduct on behalf of Esther Hawkins ("Hawkins")(black female), Defendant's Resident Care Director and Jean Zipperlen ("Zipperlen")(white female), Defendant's Executive Director as violating her rights under Title VII and PHRA, *inter alia*.

16. As a result of Plaintiff's and other employees' complaints of discrimination, in 2005 the Pennsylvania Department of Welfare (DPW), Bureau of Equal Opportunity initiated a civil rights compliance investigation against Defendant.

17. Defendant is aware of the DPW investigation as averred in paragraph 16, *supra*.

18. The DPW investigation had the potential to adversely affect Defendant's their state licensing and certification.

19. Upon information and belief, the DPW's civil rights investigation initiated in 2005 currently remains ongoing.

20. On or about September 2006, Plaintiff received her first performance evaluation after filing the first PHRC complaint.

21. This performance evaluation was the lowest evaluation she had ever received in her prior five years of employment with Defendant.

22. On or about October 17, 2006, Plaintiff and Defendant reached a settlement with respect to the first PHRC complaint.

23. Thereafter, Plaintiff was continuously subjected to retaliation by Defendant, even after Hawkins ceased employment at the Oaks.

24. Plaintiff was consistently assigned to the harder patient care floor, the 2nd floor, despite the Oaks' practice of rotating resident care aides between the first and second floors for equal distribution of the work load.

25. Defendant's agents Zipperlen and Defendant Resident Care Director, Jackie Geiger ("Geiger")(white female) repeatedly subjected Plaintiff to unjust treatment.

26. Geiger and Zipperlen repeatedly gave Plaintiff conflicting information regarding her employment status, vacation time and personal days.

27. Zipperlen and Geiger repeatedly denied granting personal days and vacation time based on Plaintiff's alleged part-time status.

28. However, Plaintiff was a full-time employee.

29. Between August and October 2006 alone, Plaintiff went to Geiger and Zipperlen no less than 5 separate times on the topic of her employment status.

30. Until her termination, Plaintiff continuously received conflicting information from Defendant regarding her employment status, which directly affected Plaintiff's pay, performance evaluations, benefits, personal days and vacation time.

31. On or about February 4, 2007, Defendant through its agents Zipperlen and Geiger

terminated 5 employees, all of whom were either black Americans or black persons of foreign national origins.

32. Many of the employees terminated as noted in paragraph 31, *supra*, gave statements to the DPW investigator, Barbara Oliver.

33. As a result of its spontaneous mass termination, Defendant created a staffing shortage amongst the resident care aides and other staffing departments.

34. Due to its mass termination action, on Monday, March 5, 2007 at approximately 10:00 p.m., Defendant assigned Plaintiff to mandatory overtime from 11:00 p.m. to 7:00 a.m.

35. Plaintiff had just worked her normal 3:00 p.m. to 11:00 p.m. shift and informed her immediate supervisor, she could not work the mandatory overtime shift for medical reasons.

36. On March 5, 2007, Plaintiff gave Defendant a doctor's note dated February 23, 2007 from her treating physician stating Plaintiff suffered from severe tenosynovitis thereby restricting the number of hours in a day Plaintiff could "be on her feet."

37. Plaintiff did not work the mandatory overtime shift on March 5, 2007.

38. On Tuesday, March 6, 2007, Geiger called Plaintiff at her home and required Plaintiff go to Defendant's doctors to confirm Plaintiff's medical condition.

39. Plaintiff made an appointment with NovaCare, Defendant's doctors for Friday, March 9, 2007.

40. On Thursday, March 8, 2007, Zipperlen called Plaintiff at home and left a telephone voicemail message stating she needed to speak to Plaintiff about the doctor's note Plaintiff left with Defendant on Monday, March 5, 2007.

41. Later on March 8, 2007, Zipperlen spoke to Plaintiff on her off day and stated her normal work shift had changed from 3:00 p.m. to 11:00 p.m. to 11:00 p.m. to 7:00 a.m. effective Friday, March 9, 2007.

42. Geiger and Defendant Corporate Human Resources Manger Traci Fegley ("Fegley") were also present on the telephone conference between Zipperlen and Plaintiff, on

March 8, 2007.

43. Plaintiff informed Zipperlen, Geiger and Fegley she already had scheduled personal plans for 11:00 p.m. to 7:00 a.m. on March 9, 2007 through March 10, 2007.

44. Defendant via Zipperlen repeatedly asked Plaintiff if she was refusing her work assignment during the March 8, 2007 teleconference.

45. Plaintiff repeatedly denied such refusal but stated she had plans and could not work the requested shift change.

46. Defendant via its agents did not ask Plaintiff why she could not work the changed work shift.

47. During the March 8, 2007 teleconference, Defendant via Zipperlen told Plaintiff she was terminated from employment with Defendant for refusing to work an assignment shift.

48. Plaintiff was unduly scrutinized and monitored on a daily basis by Defendant due to her national origin/race/color.

49. Plaintiff avers Defendant's actions are retaliatory due to Plaintiff's previous complaints filed with the administrative agencies against Defendant.

## COUNT I
### Retaliation – Discharge (Title VII, PHRA, PFPO)

50. Plaintiff re-avers and incorporates by reference all paragraphs, *supra*.

51. Plaintiff engaged in protected activities when she filed the first PHRC complaint and reported Defendant Employer to the DPW, Bureau of Equal Opportunity.

52. Defendant took materially adverse actions against Plaintiff after and contemporaneously with her engaging in protected activities.

53. As a result of Plaintiff's engaging in protected activities, Defendant took materially adverse actions taken against Plaintiff including, without limitation, terminating Plaintiff's employment.

54.   Defendant the Oaks' materially adverse actions against Plaintiff could dissuade a reasonable resident care aid from raising a complaint of employment discrimination.

55.   Defendant is vicariously liable for the actions of Fegley, Hawkins, Geiger and Zipperlen

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in her favor and against Defendant Employer in the form of compensatory and punitive damages, attorney's fees, expert fees, costs and such other relief as this Court deems proper.

                    **Respectfully submitted:**

                    LAW OFFICE OF KARIN M. GUNTER

                    _Karin M. Gunter_
                    Karin M. Gunter, Esquire

**EXHIBIT "A"**

EEOC Form 161-B (10/96)          U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Cearlean Henry-Logan  
7429 North 20th Street  
Philadelphia, PA 19138

From: Equal Employment Opportunity Commission  
Philadelphia District Office  
801 Market Street, Suite 1300  
Philadelphia, PA 19107-3127

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2007-61546 | Legal Unit | 215-440-2828 |

*(See also the additional information attached to this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Marie M. Tomasso, District Director      April 22, 2008 *(Date Mailed)*

Enclosure(s)

cc: Genesis Health Care  
Karin M. Gunter, Esquire (for Charging Party)



RECEIVED  
APR 2 3 2008

EXHIBIT "B"

| | | |
|---|---|---|
| **Chairperson**<br>STEPHEN A. GLASSMAN<br>**Vice-Chairperson**<br>RAQUEL OTERO de YIENGST<br>**Secretary**<br>DANIEL D. YUN<br>**Executive Director**<br>HOMER C. FLOYD | <br><br>COMMONWEALTH OF PENNSYLVANIA<br>HUMAN RELATIONS COMMISSION<br>301 Chestnut Street, Suite 300<br>P.O. Box 3145<br>Harrisburg, PA 17105-3145<br>(717) 787-4410 (Voice)<br>(717) 787-4087 (TTY) | **COMMISSIONERS**<br>DAVID A. ALEXANDER<br>M. JOEL BOLSTEIN<br>TIMOTHY CUEVAS<br>REV. DR. JAMES EARL GARMON, SR.<br>TONI M. GILHOOLEY<br>J. WHYATT MONDESIRE<br>KWEILIN NASSAR<br>DANIEL L. WOODALL, JR.<br><br>www.phrc.state.pa.us<br> |

May 23, 2008

Karin Gunter
7323 North 21st Street
Philadelphia PA 19138

RE:   Cearlean Henry-Logan v Genesis Health Care d/b/a The Oaks Assisted Living
      Case No. 200605319
      EEOC No. 17F200761546

Dear Ms. Gunter:

It has been one year since you filed your complaint with the Pennsylvania Human Relations Commission. This is to notify you that you now have the right to bring an action in the appropriate Pennsylvania Court of Common Pleas based on the alleged violations of the PHRAct contained in your Commission complaint. This right is provided under Section 12(c) of the Human Relations Act, 43, P.S. § 962(c).

Please be advised that you are not required to file such an action in the State Court of Common Pleas. The Commission is continuing to process your case, and we will make every effort to resolve it as soon as possible. If we are not notified otherwise, we will assume that you want the Commission to continue handling your case.

If you do file a complaint in a Court of Common Pleas, the Commission will dismiss your complaint. This means that you will be unable to have the Commission decide your case even if your complaint is dismissed in State Court because of a procedural error. Procedural errors may include filing the complaint in State Court in the wrong county or filing in State Court after your time to file has expired. For this reason, you should make every effort to assure that any complaint you file in State Court will be properly filed before you file it.

If you believe you might want to take your case to State Court, we suggest that you consult a private attorney about representing you in that action. This should be done before you file the complaint so that your attorney may advise you on the best course of action for you to take.

Should you file a complaint in State Court, you are required by Section 12(c)(2) of the Pennsylvania Human Relations Act to serve the Human Relations Commission with a copy of the Court complaint. This copy must be served on the Commission at the same time you file it in Court. The copy is to be sent to:

> Michael Hardiman, Chief Counsel - Pennsylvania Human Relations Commission
> 301 Chestnut Street - Suite 300   P.O. Box 3145
> Harrisburg, PA 17105-3145

If you have any questions concerning this matter, please feel free to contact the investigator who is handling your case.

Very truly yours,

Arberdella White-Davis
Director of Compliance
AWD: dmn

1 Yr Letter